[Cite as *State v. Fazio*, 2024-Ohio-2207.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. Nos.   23CA011954, 23CA012042, |
| | | 23CA012043, 23CA012044, |
| Appellee | | 23CA012045, 23CA012046 |
| | | |
| v. | | |
| | | |
| BRIAN FAZIO | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| Appellant | | COURT OF COMMON PLEAS |
| | | COUNTY OF LORAIN, OHIO |
| | | CASE Nos.   21CR104657, 21CR104434, |
| | | 21CR104556, 21CR104699, |
| | | 21CR105498, 21CR104700 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2024

SUTTON, Judge.

{¶1}  Defendant-Appellant, Brian Fazio, appeals the judgment of the Lorain County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}  This appeal arises from a series of indictments filed against Mr. Fazio alleging crimes that Mr. Fazio committed against A.F., his then wife, A.J., A.F.'s minor child, and V.F., A.F. and Mr. Fazio's minor child.  On June 3, 2021, Mr. Fazio was indicted in Case No. 21CR104456 on three counts of violating a protection order, in violation of R.C. 2919.27(A)(1), felonies of the third degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(2), a felony of the third degree; two counts of menacing by stalking, in violation of

R.C. 2903.211(A)(1), felonies of the fourth degree; three counts of falsification, in violation of R.C. 2921.13(A)(2), misdemeanors of the first degree; and, by supplemental indictment, one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A), a felony of the second degree. These offenses were alleged to have been committed against A.F.

{¶3} On June 18, 2021, Mr. Fazio was indicted in Case No. 21CR104434 on one count of attempted murder, in violation of R.C. 2923.02/R.C. 2903.02(A), a felony of the first degree; two counts of kidnapping, in violation of R.C. 2905.01(A)(2)/(A)(3), felonies of the first degree; two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1)/(A)(3), felonies of the first degree; two counts of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(A)(2), felonies of the first degree; two counts of felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2), felonies of the second degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; one count of violating a protection order, in violation of R.C. 2919.27(A)(1), a felony of the third degree; two counts of domestic violence, in violation of R.C. 2919.25(A), felonies of the fourth degree; one count of disrupting public services, in violation of R.C. 2909.04(A)(1), a felony of the fourth degree; and one count of theft, in violation of R.C. 2913.02(A)(5), a misdemeanor of the first degree. Additionally, counts one through nine of the indictment each alleged a repeat violent offender ("RVO") specification based upon Mr. Fazio's prior conviction for burglary and theft. These offenses were alleged to have been committed against A.F. and V.F.

{¶4} That same day, Mr. Fazio was indicted in Case No. 21CR104657 on eight counts of rape, in violation of R.C. 2907.02(A)(1)(b)/(A)(2), felonies of the first degree; and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. By supplemental indictment, Mr. Fazio was also indicted on two additional counts of rape and two

counts of pandering sexually oriented material involving a minor or impaired person, in violation of R.C. 2907.322(A), felonies of the second degree. These offenses were alleged to have been committed against A.J.

{¶5} On July 29, 2021, Mr. Fazio was indicted in Case No. 21CR104699 on one count of violating a protection order, in violation of R.C. 2919.27(A)(1), a felony of the third degree; and one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree. These offenses were alleged to have been committed against A.F.

{¶6} That same day, Mr. Fazio was indicted in Case No. 21CR104700, on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree. This offense was alleged to have been committed against V.F.

{¶7} On November 18, 2021, Mr. Fazio was indicted in Case No. 21CR105498 on two counts of conspiracy to commit aggravated murder, murder, or an offense for which the maximum penalty was imprisonment for life, in violation of R.C. 2923.01(A)(1)/R.C. 2903.01/R.C. 2903.02, felonies of the first degree. These offenses were alleged to have been committed against A.F. while Mr. Fazio was in detainment at the jail awaiting trial.

{¶8} Mr. Fazio pleaded not guilty on all counts.

{¶9} Mr. Fazio proceeded to jury trial in Case No. 21CR104657, on the allegations involving A.J. Prior to the jury being seated, the State voluntarily dismissed, without prejudice, five counts of rape and two counts of pandering sexually oriented material involving a minor or impaired person. The jury heard testimony and evidence on five counts of rape and two counts of gross sexual imposition. The jury returned a guilty verdict on all counts. Further, the trial court found Mr. Fazio guilty of the associated RVO specifications.

{¶10}  At sentencing, in Case No. 21CR104657, the State argued for the maximum possible sentence of 171-years to life.  In making an argument for consecutive sentences, the State indicated:

\* \* \*

[T]he ongoing abuse of A.J. occurred for approximately ten years.

We heard the harm that she suffered due to [Mr. Fazio's] [] actions, and that harm is great or unusual.

And aside from the crimes themselves, the seriousness of [Mr. Fazio's] actions are reflected in the arrogance and the boldness of his crimes that were documented on his own cell phone.  The text messages that he would send to [A.J.], the photo of her topless holding his erect penis in their family living room with the Browns game on in the background.  Again, a photo recovered from [Mr. Fazio's] own cell phone.

\* \* \*

{¶11}   A.J. also addressed the trial court, stating, in relevant part:

\* \* \*

This was one of the hardest things I have ever had to do.  But with this experience, I have become a stronger woman.  Ever since [Mr. Fazio] has been out of my life, I feel like I can finally breathe.  I can sleep at night knowing I'm safe.  I can shower without disturbance.  I can get dressed without the feeling of being watched, and I can just live.

\* \* \*

[Mr. Fazio] has ruined many lives, and I hope, you, Judge, keep in mind the amount of times he hurt me when making your decision.  Nothing good can come from him.

I would also like you to keep in mind us kids.

Yes, [Mr. Fazio's sons] need a father, but he is no father.  He is a monster and they deserve better than him.

To finish up my statement, I would just like to remind everyone that [Mr. Fazio] said that my threats are meaningless and I have no power, but here we are.  I've never felt as powerful and fearless as I do now.

\* \* \*

{¶12} The trial court sentenced Mr. Fazio to serve four mandatory prison terms of 25-years to life with an additional 5-year prison term for the RVO specification on each of the four counts of rape to run concurrently. On count five, rape, the trial court sentenced Mr. Fazio to a definite prison term of ten-years, with a possible indefinite prison term of 15-years. On counts nine and ten, gross sexual imposition, the trial court sentenced Mr. Fazio to a 2-year prison term for each. The trial court ran the sentences in counts five, nine, and ten consecutive to the life sentences for an aggregate definite prison term of 44-years to life, with a possible indefinite prison term of 49-years to life.

{¶13} As to consecutive sentences in Case No. 21CR104657, the trial court stated:

Consecutive sentences are necessary to protect the public from future crime, and to punish the offender. It is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

And these multiple offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct.

Furthermore, [Mr. Fazio] was out on bail when [] the [c]ount [five] crime was committed; and lastly, the [c]ourt finds that the history of [Mr. Fazio's] criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime.

{¶14} Mr. Fazio then changed his pleas of not guilty to guilty in the remaining five cases. The State dismissed certain counts from the five indictments, and the trial court merged certain counts as allied offenses of similar import. At sentencing, the State described the facts surrounding these five cases as "straight out of a horror movie[.]" The State then summarized the economic, physical, and psychological harm suffered by A.F. at the hand of Mr. Fazio. In so doing, the State described A.F.'s bruises, bite marks, and stab wounds to her abdomen, leg, and hands. The State explained:

\* \* \*

[A]fter [] [A.F.] moved in with her mother to get away from [Mr. Fazio], he hid in her mother's garage attic, and waited for [A.F.] to come home.

Upon her return home, he jumped down from the attic where he was hiding and he stabbed [A.F.] in front of their two very young children multiple times.

He made threats to [A.F.] and told her she would never be safe.

* * *

The State further explained Mr. Fazio attacked A.F. at her mother's home while he was on GPS monitoring by having a co-defendant wear the GPS monitor at Mr. Fazio's home while Mr. Fazio went to kill A.F.

{¶15} The State then indicated after Mr. Fazio was held in jail, Mr. Fazio solicited other inmates to kill A.F., and wrote a letter to a friend on the outside attempting to do the same. The letter read in relevant part:

* * *

I found out that I have a right to face my accuser. So if the victim and witness don't show up to court then the case has to be thrown out. So with that being said, would you or someone you know be able to make the victim [] disappear like forever? Well, she doesn't actually have to disappear, she just has to stop living. I know that's a lot to ask of someone, but I'm desperate, bro and if I can't make this happen my life is over. I'm not built for life in prison, bro. Please, please, please help me. If you are able to make this happen I have many things I can give you, my motorcycle, my truck, my house, or cash.

* * *

Additionally, A.F. addressed the trial court stating:

It's hard to even think of where to begin with how the actions of [Mr. Fazio] have impacted me. When I asked myself that question, an overwhelming flood of memories come pouring into my head, but the one thing they all have in common is fear.

For instance, when a car drives by too slow, or someone stares for too long, [] or I hear a strange noise when I'm alone, all those things result in the same outcome: me panicked, shaking, sometimes crying, and unable to move. Just completely crippled and frozen with fear.

The harder part of that scenario is then pretending that I'm okay. So I don't make the people around me worry, especially my kids.

Since [Mr. Fazio] tried to kill me in front of them, my once almost fearless children now have fears no child should ever have to think about, especially as a result of their father's actions.

* * *

All I ask is for you to take into consideration all the damage this one single person has done, all the fear he's created, all the relationships he's tried to destroy, and the family he ripped apart all because he lost control. All because I didn't want to live this miserable, abusive life with him anymore.

I fear living in any world that [Mr. Fazio] is free. Because ultimately, all [Mr. Fazio] cares about is himself and what he wants and will stop at nothing to get that.

* * *

{¶16} For the foregoing reasons, the State requested the trial court order a prison term for Mr. Fazio's convictions in the five cases of "157.5 years to 163 years," to run consecutive to his sentence in Case No. 21CR104657. After making the required findings for consecutive sentences, the trial court ordered each sentence in the five cases to run consecutive to each other for an aggregate definite prison term of 48.5-years to life, with a possible indefinite prison term of 60-years to life. The aggregate prison term was ordered to run concurrently with Mr. Fazio's sentence in Case No. 21CR104657.

{¶17} Mr. Fazio now appeals raising one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED OR COMMITTED PLAIN ERROR BY IMPOSING CONSECUTIVE SENTENCES BECAUSE ITS FINDINGS OF NECESSITY UNDER R.C. 2929.14(C)(4) CLEARLY AND CONVINCINGLY LACK SUPPORT IN THE RECORD[.]**

{¶18} In his sole assignment of error, Mr. Fazio argues the trial court erred when it sentenced him to consecutive prison terms. Specifically, Mr. Fazio argues consecutive sentences

were not necessary to accomplish the trial court's goals of punishment or protecting the public because Mr. Fazio was ordered to serve life in prison with a possibility of parole. We disagree.

{¶19} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶20} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio explained:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

Further, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bennett*, 9th Dist. Summit Nos. 28842, 28843, 2018-Ohio-3935, ¶ 10, quoting *State v. Blackert*, 9th Dist. Summit Nos. 27314, 27315, 2015-Ohio-2248, ¶ 10.

{¶21} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} Here, the trial court complied with R.C. 2929.14(C)(4) and made the requisite findings in ordering consecutive sentences in these cases. The trial court made the R.C. 2929.14(C)(4) findings at the sentencing hearings and in its judgment entries. Mr. Fazio does not dispute this fact. Moreover, the record is replete with evidence regarding the necessity of consecutive sentences in these matters. At sentencing, the trial court heard from A.J., and A.F., regarding the terror Mr. Fazio caused in their lives. A.J. was sexually abused for a period of over 10-years beginning when she was 5-years old. A.J. indicated she could finally breathe and felt safe now that Mr. Fazio is out of her life. A.F. described her own ongoing terror at the hand of Mr. Fazio. A.F. spoke about Mr. Fazio's attempt to kill her by stabbing her with a knife in front of their two young children. A.F. stated "I fear living in any world that [Mr. Fazio] is free." The trial court also heard how Mr. Fazio's actions escalated, relating to A.F., from domestic violence, to attempted murder, to conspiracy to commit murder while in detainment. The State read an excerpt of a letter, written by Mr. Fazio, who was in jail, to his friend on the outside, wherein Mr. Fazio pleaded with his friend to help him kill A.F. Mr. Fazio wrote: "[w]ell, she doesn't actually have to disappear, she just has to stop living." Indeed, Mr. Fazio did not cease in his obsession to hurt and/or kill A.F., and he continually tried to make good on his threat that A.F. would never be

safe. Mr. Fazio's egregious actions inflicted immense physical and emotional pain upon A.J., and A.F., and the other minor children.

**{¶23}** Thus, based upon this record, we cannot say the trial court's imposition of consecutive sentences is not supported by clear and convincing evidence, or that consecutive sentences were not necessary to protect the public or punish Mr. Fazio.

**{¶24}** Accordingly, Mr. Fazio's sole assignment of error is overruled.

### III.

**{¶25}** For the foregoing reasons, Mr. Fazio's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

LOUIS E. GRUBE and KENDRA N. DAVITT, Attorneys at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSAY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.